NOTE: This disposition is nonprecedential.

# United States Court of Appeals
# for the Federal Circuit

---

**LINDA L. KAFELE,**
*Petitioner,*

v.

**UNITED STATES POSTAL SERVICE,**
*Respondent.*

---

2013-3041

---

Petition for review of the Merit Systems Protection Board in No. DA0353110390-B-1.

---

Decided: May 14, 2013

---

LINDA L. KAFELE, of Irving, Texas, pro se.

J. HUNTER BENNETT, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were STUART F. DELERY, Principal Deputy Assistant Attorney General, JEANNE E. DAVIDSON, Director, and KENNETH M. DINTZER, Assistant Director.

---

Before DYK, LINN, and PROST, *Circuit Judges.*

PER CURIAM.

Linda L. Kafele petitions for review of a decision of the Merit Systems Protection Board ("Board") dismissing her appeal for lack of jurisdiction. *See Kafele v. U.S. Postal Serv.*, No. DA–0353–11–0390–B–1 (M.S.P.B. Sept. 12, 2012). We *affirm*.

BACKGROUND

Kafele was employed as a mail processing clerk by the U.S. Postal Service ("the agency") in Coppell, Texas. During her career, she suffered several compensable work-related injuries resulting in extensive permanent medical restrictions on her activity, including prohibitions against "reaching above the shoulder," "repetitive simple grasping," and "repetitive fine manipulation." *Id.*, slip op. at 2–3. In late 2009, Kafele had right shoulder surgery, which did not resolve her medical restrictions. When she returned to work, the agency twice offered her positions casing (sorting) letter mail, but she declined them as outside her medical restrictions. On September 14, 2010, the agency informed Kafele that it was unable to find her work meeting her medical restrictions and that she was being placed on leave without pay.

Kafele appealed to the Board, claiming that she was entitled to restoration as a partially-recovered employee pursuant to 5 C.F.R. § 353.304(c). The agency did not appear to dispute that Kafele had satisfied some of the elements of a restoration claim, but argued that the agency's denial of restoration was not arbitrary and capricious because work meeting Kafele's medical restrictions was not available. Kafele argued that the agency should have assigned her "nixie mail" or "MPE watch" duties. Nixie mail involved handling damaged or undeliverable mail. MPE watch consisted of monitoring a computer screen for error messages produced by a mail

sorting machine.  Kafele also contended that the agency's denial of her restoration was based on discrimination because two younger Hispanic employees had received modified job assignments, and Kafele had not.  After a hearing, the administrative judge ("AJ") concluded that MPE watch duties were unavailable because Kafele "could not identify any employee that actually performed the duties and . . . did not rebut the agency's evidence that those tasks are incidental to supervisors' duties," and that "nixie mail duties were outside [Kafele's] medical restrictions" because they "requir[ed] reaching and manipulating small pieces of mail set out on trays."  *Kafele*, No. DA–0353–11–0390–B–1, slip op. at 9–10.  The AJ also found that Kafele's discrimination claims lacked merit because the employees who she claimed had been given preferential treatment had "much less restrictive" medical limitations and were therefore not "similarly situated" to Kafele.  *Id.*, slip op. at 13–14.  The AJ thus concluded that Kafele had not established that the agency's denial of restoration was arbitrary and capricious, and that the Board therefore lacked jurisdiction over her appeal.

Kafele chose not to appeal to the full Board, so the AJ's decision became the Board's decision.  Kafele timely appealed to this court.

## DISCUSSION

We review de novo the Board's conclusion that it lacked jurisdiction.  *Bledsoe v. Merit Sys. Prot. Bd.*, 659 F.3d 1097, 1101 (Fed. Cir. 2011).  While we generally lack jurisdiction to review Board decisions in cases involving discrimination allegations, *see* 5 U.S.C. § 7703(b); *Kloeckner v. Solis*, 568 U.S. ___, 133 S. Ct. 596 (2012), we have held that rule inapplicable to matters of Board jurisdiction.  *See Conforto v. Merit Sys. Prot. Bd.*, No. 2012-3119, 2013 WL 1668969, at *7 (Fed. Cir. Apr. 18, 2013).  This panel is obligated to follow the earlier panel decision in

*Conforto.* Therefore, we hold that we have jurisdiction under 5 U.S.C. § 7703(b)(1).

"An individual who is partially recovered from a compensable injury may appeal to [the Board] for a determination of whether the agency is acting arbitrarily and capriciously in denying restoration." 5 C.F.R. § 353.304(c). However:

> to establish jurisdiction under 5 C.F.R. § 353.304(c) the petitioner must prove by preponderant evidence . . . denial of restoration rendered arbitrary and capricious by agency failure to perform its obligations under 5 C.F.R. [§ ]353.301(d).

*Bledsoe*, 659 F.3d at 1104. Here, the Board found that Kafele had not proven that the agency's denial of restoration was arbitrary and capricious for failure to comport with 5 C.F.R. § 353.301(d).[1]

Kafele appears to argue that the Board erred by relying on "false testimony" that nixie mail processing "was no longer being performed at the facility" where she worked. However, the Board found that "nixie mail duties were outside [Kafele's] medical restrictions when she was sent home even if such work had been available." *Kafele*, No. DA–0353–11–0390–B–1, slip op. at 10. Although Kafele had previously performed nixie mail duties, the Board observed that those "medical limitations became more restrictive over time." *Id.* Kafele does not dispute that nixie mail "requir[ed] reaching and manipulating small pieces of mail set out on trays," nor that her "medical limitations . . . ultimately prohibited [Kafele]

---

[1] Section 353.301(d) requires agencies to "make every effort to restore in the local commuting area, according to the circumstances in each case, an individual who has partially recovered from a compensable injury and who is able to return to limited duty."

from any repetitive simple grasping and repetitive fine manipulation." *Id.* Kafele appears to argue that her doctor expected her to recover from her medical restrictions following her surgery. However, the letter she cites refers only to additional, temporary medical restrictions relating to her surgery, and does not address her permanent medical restrictions, including those on repetitive simple grasping and fine manipulation, which the AJ found incompatible with nixie mail duties. Accordingly, we agree with the Board's conclusion that the agency's refusal to restore Kafele to nixie duty was not arbitrary and capricious.

With respect to MPE watch, Kafele argues that the agency witnesses who testified that MPE watch duties were incidental duties performed by supervisors "lie[d] under oath." However, the Board credited that testimony and its credibility determinations are "virtually unreviewable on appeal." *See King v. Dep't of Health & Human Servs.*, 133 F.3d 1450, 1453 (Fed. Cir. 1998) (internal quotation marks omitted). We therefore see no basis to disturb the Board's conclusion that MPE watch duties were also unavailable.

Regarding discrimination, Kafele appears to argue that the Board erred by failing to recognize that other employees were treated more favorably in job assignments. However, even if Kafele were treated differently, she must show that the employees who allegedly received better treatment were similarly situated to herself. *See, e.g., Gen. Motors Corp. v. Tracy*, 519 U.S. 278, 298 (1997). Here, the Board found that the other employees were not similarly situated because their medical limitations were less restrictive. The Board also found that Kafele's supervisor's allegedly insensitive comments regarding a Mexican cartoon character and the fact that at least one employee did not have to report to a standby unit did not evidence discriminatory intent. Kafele identifies no error

in those findings, and we can find none.  The Board therefore properly rejected Kafele's discrimination claims.

We have considered Kafele's other arguments and find them to be without merit.  Because Kafele failed to establish that the agency's denial of restoration was arbitrary and capricious, the Board correctly determined that it lacked jurisdiction over her appeal.  *See Bledsoe*, 659 F.3d at 1104.

## **AFFIRMED**

### COSTS

No costs.